EFILED IN OFFICE
CLERK OF SUPERIOR COURT
CAMDEN COUNTY, GEORGIA
SUCV2025000664
JUN 30, 2025 04:16 PM

Joy Turner, Clerk
Camden County, Georgia

IN THE SUPERIOR COURT OF CAMDEN COUNTY
STATE OF GEORGIA

| | |
|---|---|
| ROBERT LINEBERGER, § <br> Plaintiff § <br>  § <br> v. § <br> CAMDEN COUNTY, GEORGIA; § <br> SHERIFF JAMES KEVIN CHANEY, in his official capacity; § <br> JOSHUA BEAUCHAMP, in his individual capacity; § <br> FORMER SHERIFF JIM PROCTOR, in his individual capacity, § <br>  § <br> Defendants. § | Civil Action No: _____ |

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

COMES NOW Plaintiff Robert Lineberger and files this Complaint for Damages and Injunctive Relief against the above-named Defendants, showing the Court as follows:

1. This is an action for damages pursuant to 42 U.S.C. § 1983, the Religious Land Use and Institutionalized Persons Act (RLUIPA, 42 U.S.C. § 2000cc-1), and the Constitution of the United States, including violations of the First, Fourth, and Fourteenth Amendments.

2. Plaintiff seeks compensatory damages, punitive damages, attorney's fees and costs, as well as injunctive relief for injuries sustained while in custody at the Camden County Jail on or about July 3, 2023.

3. Plaintiff, a Jewish man, was assaulted while handcuffed by Defendant Sgt. Joshua Beauchamp, resulting in serious injuries requiring major spinal surgery, neurological treatment, and long-term physical therapy. He was denied kosher food in violation of his religious beliefs and placed in prolonged solitary confinement with bright lights for weeks without justification.

4. These actions violated Plaintiff's constitutional rights and were carried out with deliberate indifference by Defendants, including Camden County, Sheriff Chaney, and former Sheriff Jim Proctor, who tolerated and perpetuated a known pattern of abuse within the jail system.

4a. A verified affidavit made by Plaintiff, Robert Leinberger is made a part of this complaint and is attached as Exhibit A.


EXHIBIT A

5. Plaintiff seeks a total of $13,600,000.00 in damages, exclusive of actual medical treatment costs, for physical injuries, emotional distress, pain and suffering, and constitutional deprivations.

### Count I: Excessive Force in Violation of the Fourth and Fourteenth Amendments (42 U.S.C. § 1983)

6. Plaintiff realleges and incorporates all prior paragraphs as though fully set forth herein.
7. Defendant Sgt. Joshua Beauchamp used excessive force against Plaintiff, who was handcuffed, unarmed, and posed no immediate threat, by violently slamming him into a glass door.
8. As a result, Plaintiff lost consciousness, suffered traumatic spinal and neurological injuries, and continues to endure permanent physical impairment.
9. This conduct violated Plaintiff's rights under the Fourth Amendment as applied to pretrial detainees through the Fourteenth Amendment. See Kingsley v. Hendrickson, 576 U.S. 389 (2015).
10. The force used was objectively unreasonable and inflicted maliciously and sadistically to cause harm.
11. Defendant Beauchamp is sued in his individual capacity for this violation under 42 U.S.C. § 1983.

### Count II: Denial of Religious Rights (First and Fourteenth Amendments; RLUIPA; 42 U.S.C. § 1983)

12. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.
13. While detained, Plaintiff, a practicing Jew, requested kosher meals consistent with his sincerely held religious beliefs.
14. These requests were denied, without any legitimate penological justification, in violation of the First Amendment's Free Exercise Clause and the Equal Protection Clause of the Fourteenth Amendment.
15. Defendants' conduct also violated the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc-1(a).
16. See Cutter v. Wilkinson, 544 U.S. 709 (2005); Benning v. Georgia, 391 F.3d 1299 (11th Cir. 2004).
17. Defendants acted with deliberate indifference to Plaintiff's religious rights.

### Count III: Deliberate Indifference to Conditions of Confinement (Fourteenth Amendment; 42 U.S.C. § 1983)

18. Plaintiff incorporates all preceding allegations.
19. Plaintiff was held in a solitary confinement cell with 24-hour bright lighting for weeks, despite suffering severe physical and psychological trauma.
20. These conditions caused extreme emotional distress and physical deterioration and served no legitimate governmental purpose.
21. The conduct violated Plaintiff's rights as a pretrial detainee under the Fourteenth Amendment's Due Process Clause. See Bell v. Wolfish, 441 U.S. 520 (1979).

22. The conditions were excessive in relation to any legitimate penological goal and constitute punishment before adjudication.

### Count IV: Municipal Liability (Monell Claim against Camden County and Official Capacity Claims)

23. Plaintiff realleges and incorporates all previous paragraphs.
24. Defendant Camden County, acting through its jail, policymakers, and Sheriff's Office, maintained a pattern or practice of failing to discipline, supervise, or train officers with known histories of abuse and excessive force.
25. The County's customs, policies, and practices reflect deliberate indifference to the constitutional rights of detainees, and were a moving force behind the constitutional violations suffered by Plaintiff.
26. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Depew v. City of St. Marys, 787 F.2d 1496 (11th Cir. 1986).
27. Camden County and Sheriff James Kevin Chaney in his official capacity only are liable under 42 U.S.C. § 1983 for maintaining policies and tolerating misconduct that caused Plaintiff's injuries.

### Count V: Intentional Infliction of Emotional Distress (State Law Claim)

28. Plaintiff incorporates all prior allegations.
29. Defendant Beauchamp's conduct in slamming Plaintiff while handcuffed into a glass door, and Defendants' treatment of Plaintiff through denial of medical care and religious meals, was extreme and outrageous.
30. Defendants either intended to cause, or recklessly disregarded the probability of causing, Plaintiff severe emotional distress.
31. Plaintiff suffered emotional trauma, psychological injury, and physical pain as a result of this conduct.
32. Defendants are liable under Georgia law for intentional infliction of emotional distress.

### Count VI: Supervisory Liability and Reckless Indifference by Former Sheriff Jim Proctor (Individual Capacity)

33. Plaintiff incorporates all preceding paragraphs as if fully stated herein.
34. At all relevant times, Defendant Jim Proctor served as the elected Sheriff of Camden County, Georgia, with supervisory authority over the Camden County Jail, its policies, and its personnel, including Sgt. Joshua Beauchamp.
35. Plaintiff alleges that former Sheriff Jim Proctor was aware of, or was deliberately indifferent to, a pattern of excessive force and abusive practices within the jail under his supervision.
36. Despite this knowledge, Sheriff Proctor failed to implement effective disciplinary measures, investigate patterns of misconduct, or train and supervise officers to prevent constitutional abuses.
37. This supervisory liability arises under 42 U.S.C. § 1983. See Cottone v. Jenne, 326 F.3d 1352 (11th Cir. 2003).

38. Plaintiff seeks punitive damages from Jim Proctor to punish and deter such misconduct. See Smith v. Wade, 461 U.S. 30 (1983).

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable pursuant to Rule 38 of the Georgia Civil Practice Act and the United States Constitution.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Robert Lineberger respectfully requests that this Court enter judgment in his favor and against all Defendants, and grant the following relief:
a) Compensatory damages in the amount of $13,600,000.00 for pain and suffering, emotional distress, loss of enjoyment of life, and violation of constitutional rights;
b) Punitive damages against Defendant Joshua Beauchamp and former Sheriff Jim Proctor in their individual capacities, in an amount to be determined by the trier of fact;
c) Attorney's fees, litigation expenses, and costs pursuant to 42 U.S.C. § 1988;
d) Injunctive relief directing Camden County and the Camden County Sheriff's Office to implement policies, procedures, and training to prevent similar future violations, including proper religious accommodation protocols and safeguards against excessive force;
e) Such other and further relief as the Court deems just and proper.

Respectfully submitted this 30th day of June, 2025.

DAVID BROWN LAW FIRM

By: /s/ David Brown
David Brown,
Georgia Bar No. 853781
Attorney for Plaintiff

Saint Marys, GA 31558
dbrown@davidbrownlawoffice.com
(912) 825-8100

## AFFIDAVIT OF ROBERT LINEBERGER

STATE OF GEORGIA
COUNTY OF CAMDEN

BEFORE ME, the undersigned authority, personally appeared ROBERT LINEBERGER, who being first duly sworn, deposes and states as follows:

1. My name is Robert Lineberger. I am over the age of eighteen (18) years, am competent to make this affidavit, and have personal knowledge of the facts stated herein.

2. I was detained in the Camden County Jail on or about July 3, 2023, for a misdemeanor charge.

3. While I was handcuffed and posed no threat, I was violently slammed into a glass door by Sergeant Joshua Beauchamp of the Camden County Sheriff's Office, causing me to lose consciousness and suffer severe injuries.

4. I sustained injuries to my head, spine, and nervous system. I have undergone one major surgery to repair spinal and neurological damage which has been partially successful and several additional surgeries scheduled. I am still undergoing medical treatment for these injuries and for the loss of use of my arms, hands and legs etc to varying degrees.

5. I am Jewish and I requested kosher meals in accordance with my religious beliefs while in jail custody. These requests were denied.

6. I was placed in solitary confinement with continuous bright lighting for an extended period, which caused me psychological distress.

7. The statements and facts described in my complaint are true and correct to the best of my knowledge and belief.

FURTHER AFFIANT SAYETH NAUGHT.

Robert Lineberger

Sworn to and subscribed before me this 26 day of June, 2025.

Notary Public

My Commission Expires: 10/25

DAVID BROWN
NOTARY PUBLIC
CAMDEN COUNTY GA

## General Civil and Domestic Relations Case Filing Information Form

☑ Superior or ☐ State Court of _Camden_ County

**For Clerk Use Only**

Date Filed _06-30-2025_
MM-DD-YYYY

Case Number _SUCV2025000664_

### Plaintiff(s)

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Lineberger, | Robert | | | |

### Defendant(s)

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Camden County, GA | | | | |
| Camden County Sheriff | | | | |
| Beauchamp, Joshua | | | | |
| Proctor, Jim | | | | |

**Plaintiff's Attorney** _Brown, David_   **Bar Number** _853781_   Self-Represented ☐

Check one case type and, if applicable, one sub-type in one box.

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☑ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____ Case Number   _____ Case Number

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Version 1.1.20